CRAWFORD *v.* STEEL.

1. STATUTE OF FRAUDS—TRANSFER OF NOTE.

An oral promise by the indorser of a note held by a bank that he would deposit its value to the credit of the bank with its New York correspondent if the bank would send the note to him, is void under the statute of frauds, in the absence of proof of an actual delivery of the note in pursuance thereof.

2. BILLS AND NOTES—FRAUD—BANKS.

The director of a bank conspired with the cashier to deliver to the director a note on which he was indorser, and to carry a fictitious credit entry on the bank's books for its value until after the note had become uncollectible, and then fraudulently connived with the cashier to return the note to the bank without the knowledge or authority of its officers, by reason of which the bank was prevented from collecting the note during the time it was withdrawn when it was collectible. *Held,* that recovery against the director of the full amount of the note could not be had by reason of the fraud without proof that at the time the alleged agreement was made the note was collectible, and that when it again appeared in the files of the bank it was worthless.

Error to Clinton; Stone, J. Submitted February 24, 1904. (Docket No. 102.) Decided October 4, 1904.

Assumpsit by James B. Crawford and others against George A. Steel for money had and received. There was judgment for plaintiffs, and defendant brings error. Reversed.

*H. E. & E. L. Walbridge* (*H. Geer*, of counsel), for appellant.

*Lyon & Moinet*, for appellees.

MOORE, C. J. This case was tried before a jury. There was judgment in favor of plaintiffs, and defendant has brought the case here by writ of error. Plaintiffs' declaration consists of three special counts and the common counts.

The first count alleges that on August 31, 1895, the First National Bank of Ithaca, Michigan, was a national bank doing business at Ithaca; that it was the owner of a note of $2,817.55, dated June 13, 1895, made by the Whipple Harrow Company, payable to the order of R. M. Steel, and bearing his indorsement, and guaranty of payment by George A. Steel, attorney, and made payable to M. F. Chafey, cashier, or order, said Chafey being the cashier of the bank; that the note was then and there of value, to wit, its face and accrued interest; that on August 31, 1895, George A. Steel, at Ithaca, requested and directed the bank to send said note to him at St. Johns, and promised and agreed that, if the bank would send the note to him, he would place $3,000 to the credit of said bank at the National bank of the Republic of New York, its correspondent in that city; that the First National Bank of Ithaca, relying upon defendant's promise, sent and delivered the note to him; that defendant did not place any money to the credit of the bank, as promised, and did not pay the money, or any part thereof, to the bank; that on July 1, 1896, George Reed was duly appointed receiver of said

First National Bank of Ithaca, and qualified and entered upon his duties as such receiver; that while so acting as receiver on July 30, 1901, said bank and said receiver, being thereunto duly authorized, duly assigned to plaintiffs all of its and his right and interest in and to the claim and demand of said bank against defendant on account of the premises.

The second count alleges the existence of the First National Bank of Ithaca, as stated; its ownership and possession of the note, as stated; that the note was then and there of value; that on August 31, 1895, defendant was a director of said bank, and, while exercising the rights and privileges, and under the obligations and duties of his said office, and assisting in and about the management of the affairs of the bank, he promised the bank that if it would send him said note he would place said sum of money to its credit, as stated; that the bank then and there sent the note to defendant in accordance with his request; that defendant, contriving to injure the bank, did not place the money to its credit, as promised, and did not pay the money to the bank, but received and retained the note, and fraudulently connived with the cashier, Chafey, and induced and persuaded him to place and carry upon the books of the bank a fictitious entry of a pretended deposit, credit, and payment of $3,000 as made by defendant at the National Bank of the Republic for and in behalf of the Ithaca bank; that said defendant caused said fictitious credit to be continued upon the books of the Ithaca bank until July 11, 1896, when he fraudulently connived with the cashier to return the note to the bank, and place it among the papers of the bank, without the knowledge of the bank or the authority of its officers; that defendant thereby deprived and prevented the bank from taking the usual and proper steps for the collection of the note during the time it was out of the bank; that, if defendant had not connived with said cashier, and withdrawn and retained said note from the bank during the time stated, it would have been collected; that the note,

when returned to the bank, was uncollectible and worthless; that by such fraudulent conduct defendant produced and inflicted an injury to and upon the bank, and defrauded it of its property and rights, for which an action on the case for fraud or deceit might then and there have been brought; that by reason of the statute in such case made and provided (3 Comp. Laws, § 10421), defendant then and there promised the bank to pay all just damages arising from such fraud and deceit; that George Reed was duly appointed receiver of said First National Bank of Ithaca, and qualified and entered upon his duties, as stated; that said receiver duly assigned and transferred to plaintiffs, the claim, demand, and right of action of the bank, and of himself, as receiver, against defendant, by reason of the premises.

The third count alleges the existence of the First National Bank of Ithaca, as stated; its ownership and possession of the note, as stated; that at the request of defendant the bank agreed to sell and deliver, and did sell and deliver, said note to him, for a large sum of money, to wit, $3,000; that defendant received and accepted said note, and has not paid therefor; that George Reed was appointed receiver of the First National Bank of Ithaca, and qualified and entered upon his duties, as stated; that while so acting, and being thereunto duly authorized, he duly assigned and transferred to plaintiffs the right and interest of the bank and of himself in and to said demand and right of action against defendant by reason of the premises.

Plaintiffs gave evidence tending to support the claims stated in the several counts of the declaration. Defendant pleaded the general issue. He denied the making of the agreement as stated in the various counts, and denied the allegations contained in the second count, and gave evidence tending to support his denials.

The record contains upwards of 500 pages, and nearly 100 assignments of error. These assignments of error are discussed under the following heads:

" (1) We claim that there was no testimony in the case tending to prove that there was any contractual relations between the First National Bank of Ithaca and defendant, George A. Steel, as claimed by plaintiffs in their first and third counts of the declaration, in relation to the note in question, and that the trial court should have so instructed the jury.

"(2) We also claim that if this court should hold that there was testimony introduced in the case on the part of the plaintiffs tending to show contractual relations with the First National Bank of Ithaca and the defendant in relation to the note in question, said bank had, by its conduct, acts, and declarations after July 11, 1896, disaffirmed and annulled any contractual relations that might have existed prior to that time in relation to said note by treating said note after July 11, 1896, as the property of the bank, and said bank, by its conduct, was estopped from maintaining any action against defendant based upon contractual relations. The bank being estopped, plaintiffs were likewise estopped from maintaining an action against the defendant upon contract.

"(3) We claim that the trial court should not have submitted the case to the jury under the second count of the plaintiffs' declaration, for the reason that the testimony introduced by plaintiffs did not show or tend to show a fraudulent combination and conspiracy between the cashier of the bank and defendant in this case.

"(4) We claim that if this court should hold that there was testimony in the case tending to establish the allegations contained in the second count of plaintiffs' declaration to the effect that there was a fraudulent conspiracy between the cashier of the bank and the defendant in relation to the note in question, then and in such case the National Bank of Ithaca suffered no damage by reason of the alleged fraudulent transaction set forth in said count, because the undisputed testimony in the case established the fact that the maker and indorser of said note were insolvent and uncollectible at all times after the date of the note, and that the said note could not have been collected or secured at any time after the date thereof.

" (5) If this court should hold that there is testimony in the case tending to show that the First National Bank of Ithaca might have collected or secured said note, in whole or any part thereof, between the 16th day of August, 1895, and the 11th day of July, 1896, had it not been for the

fraud charged against the defendant in the second count of the plaintiffs' declaration, then it became and was the duty of the trial court to submit to the jury the question as to the value and collectibility of the note in question during the period above named, and the probability of the bank being able to have secured the payment of said note in whole or in part during the period of time above mentioned.

" (6) Can the plaintiffs in this case, as assignees of the First National Bank of Ithaca, maintain an action against the defendant for the fraud and deceit charged against defendant in second count of the plaintiffs' declaration ? Is such a cause of action assignable ?

" (7) The circuit court for the county of Gratiot had no power or authority, under and by virtue of the petition filed in said court, to make said order transferring to the plaintiffs in this case the cause of action set forth in the second count of the plaintiffs' declaration.

" (8) The First National Bank of Ithaca, having retained the note in question after it was entered upon the discount register July 11, 1896, as a part of the assets of the bank, until the said bank went into the hands of the receiver, George Reed, and the said bank, by its receiver, George Reed, having sold said note in question as a part of the assets of the bank to the plaintiffs in this case in July, 1901, said bank and its assignees, the plaintiffs in this case, are estopped from maintaining the cause of action set forth in the second count of the plaintiffs' declaration."

The proposition contained in heads 5 and 7 are especially relied upon by appellants. We have examined all of the propositions with great care. We do not deem it necessary to discuss them further than to say that we do not deem any of them well taken, except the propositions contained under head 5.

The circuit judge charged the jury as follows:

" Now, if you find from the evidence that the defendant promised and agreed with said bank that if it would deliver to him the note in question he would remit the $3,000 to its New York correspondent, and afterwards the defendant entered into a fraudulent connivance and collusion with the cashier of said bank, whereby the defendant and the cashier conspired together, and by means of their state-

ments and conduct and entries upon the books of the bank they intentionally and designedly, and for the purpose of cheating and wronging said bank, made and caused it to appear that the note had been delivered to the defendant, and that the defendant had remitted $3,000 to New York to the credit of the bank, when in fact he had not done so, and when in fact the note had not been delivered to the defendant, but had remained in the bank, or in the custody and control of the cashier, then the defendant would be estopped by such fraudulent conduct from defending here upon the grounds that the note had not in fact been delivered, and the note must be treated as having been delivered to him, and in such case your verdict should be for the plaintiffs for the amount of the note."

The promise which it is claimed defendant made was an oral one, and, if not followed by an actual delivery of the note, would be void under the statute of frauds, and could not be enforced.

If what was done by Mr. Chafey and the defendant constituted such a fraud upon the bank as to entitle it to maintain an action as for fraud and deceit, as claimed in the second count of the declaration, then it was incumbent upon the plaintiffs, before they could recover for the full amount of the note, to show that at the time of the alleged agreement the note was collectible, and, when it was made to again appear in the files of the bank, was worthless. It will be observed the trial judge omitted from his charge to the jury both of those very essential elements.

The case is reversed, and a new trial ordered.

CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.